930 F.2d 36
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
William H. WARREN, Jr., Petitioner-Appellant,
v.
Jack COWLEY, Warden, Respondent-Appellee.
 No. 89-7103.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 William H. Warren, Jr. (petitioner), a state prisoner, appeals from a district court order adopting a recommendation of a magistrate to deny his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Pending before this court are petitioner's motions for a certificate of probable cause and leave to proceed in forma pauperis. Because we find the issues raised by petitioner to be nonfrivolous, we grant both motions.
 
 
 3
 In his petition, which was filed with an accompanying memorandum brief, petitioner challenged his convictions and sentences by an Oklahoma court for conspiracy to commit armed robbery and felony murder on the following grounds:
 
 
 4
 (1) State offered no evidence, independent of accomplice Grayson's testimony which connected petitioner to the crimes charged themselves. The evidence was insufficient as a matter of law.
 
 
 5
 (2) The trial court failed to instruct that there must be corroborative evidence connecting each defendant separately to the ffense (sic) charged and when the prosecution, compounding the lack of information with misinformation, argued that any indication that accomplice Grayson knew what he was talking about constituted corroborating evidence.
 
 
 6
 (3) The trial judge, over defense objections, permitted codefendant testimony on the existence of an agreement without there first being independent evidence showing the exiatence (sic) of an agreement. The fact that Grayson's agreement testimony was inadmissible in turn caused there to be insuffucuent (sic) evidence. The prosecution never presented independent evidence of the existence of an agreement.
 
 
 7
 (4) Contravention of the fourth, fifth and fourteenth amendments to the United States Constitution and in contravention of Oklahoma law--in permitting the prosecution to introduce statements of petitioner which were the product of an illegal arrest. Such error particularly was prejudicial because the prosecution used the statements to purport that htere (sic) was corroboration of accomplice Grayson's testimony.
 
 
 8
 (5) The trial court committed fundamental error by failing to instruct on second degree murder and on manslaughter in the first degree, in violation of the due process clauses of the United States and Oklahoma Constitutions.
 
 
 9
 (6) The trial judge refused ro (sic) allow the defense to question juror Daniels on her mis trial (sic) statements concerning threats which allegedly had been made to the state's key witness, accomplice Grayson.
 
 
 10
 (7) The trail (sic) court erred in failing to give petitioner's requested instruction that Grayson's prior felony conviction could be used by the jury in assessing his lack of credibility.
 
 
 11
 (8) The trial court committed fundamental error by failing to give a cautionary instruction on Roy Grayson's testimony.
 
 
 12
 (9) The trial court committed reversible error in denying petitioner's motion for serverance (sic) because such denial caused petitioner to have a death-qualified jury even though the state was not seeking to execute the petitioner, because petitioner was prejudiced by evid# nce (sic) which was incriminating as to co defendant (sic) Johns and not admissible as to petitioner, and because the lack of severance tented (sic) to confuse the issue of whether there was adequate corroboration as to petitioner.
 
 
 13
 (10) Petitioner received ineffective assistance of trial counsel under the authority of Strickland v. Washington, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), when counsel failed to secure any witness in favor of the alibi defense. U.S.C.A. Const.Amends. 6th and 14th.
 
 
 14
 (11) Petitioner was denied effective assistance of appellate counsel under the authority of Evitts v. Lucey, 469 U.S. 387, 83 L.Ed.2d 821, 105 S.Ct. 830 (1985), when counsel failed to present meritorious issues on direct appeal.
 
 
 15
 Appellate counsel failed to present on direct appeal the issue of the states (sic) star witness testified to a different murder at the preliminary hearing in order to get petitioner bound over for trial.
 
 
 16
 (12) Petitioner was denied due process of law under the authority of Brady v. Maryland, 373 U.S. 83, 10 L.Ed.2d 215, 83 S.Ct. 1184 (1963), when the state suppressed the statement of the state's star witness.
 
 
 17
 (13) Petitioner was denied due process of law under the authority of Brady v. Maryland, 373 U.S. 83, 10 L.Ed.2d 215, 83 S.Ct. 1194 (1963), when the state suppressed psychological records of the state's star witness.
 
 
 18
 The magistrate's report dealt fully and fairly with each of the issues raised by appellant. Upon our review of the proceedings, we find no reversible error.
 
 
 19
 Accordingly, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3